PEOPLE *v.* JOHN WIEDERHOLD

PEOPLE *v.* GORDON WIEDERHOLD

CRIMINAL LAW—SENTENCE—PRIOR ARRESTS—APPEAL AND ERROR—
PRESERVING QUESTIONS FOR APPEAL.
Contention that court erred in considering defendants' arrest
while on bond prior to the imposition of sentence will not
be heard for the first time on appeal unless clear injustice is
demonstrated.

Appeal from Huron, Arthur M. Bach, J. Submitted Division 2 November 17, 1970, at Lansing. (Docket Nos. 9787 and 9800.) Decided December 8, 1970.

John Wiederhold and Gordon Wiederhold were convicted, on their pleas of guilty, of indecent liberties with a child under 16. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Peter B. Capling,* Prosecuting Attorney, for the people.

*G. Kirk Haley,* for John Wiederhold on appeal.

*Donald R. Clark,* for Gordon Wiederhold on appeal.

REFERENCE FOR POINTS IN HEADNOTE
4 Am Jur 2d, Appeal and Error § 185.

Before: BRONSON, P. J., and QUINN and DANHOF, JJ.

PER CURIAM. Defendants were charged in a two-count information with statutory rape, contrary to MCLA § 750.520 (Stat Ann 1954 Rev § 28.788), and indecent liberties, contrary to MCLA § 750.336 (Stat Ann 1954 Rev § 28.568). With the assistance of counsel each tendered a plea of guilty to Count II charging indecent liberties. On May 8, 1970, John Wiederhold was sentenced to a term of 3 to 10 years imprisonment and Gordon Wiederhold was sentenced to a term of 3-1/2 to 10 years imprisonment. Sentences were imposed by Judge Arthur M. Bach of the Huron County Circuit Court. With the assistance of court-appointed appellate counsel timely claims of appeal have been filed in this Court, and grounded on the singular contention that the lower court erred at the time of sentence when it considered matters outside the record.

On this Court's own motion the cases were consolidated for hearing and argument by order dated November 6, 1970. The people have filed a motion to affirm the conviction and sentence in each case.

It is defendants' contention that it was error for the trial judge to consider the arrest and charge made against them while on bond in determining the sentence to be imposed here. At no time has this question been presented to the lower court. This Court will not entertain issues raised for the first time on appeal unless a clear injustice is demonstrated. *People* v. *Scott* (1970), 23 Mich App 569.

Motion to affirm is granted.